UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL AYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01243 AGF |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the joint motion of Defendants for summary judgment.[1] Plaintiff Samuel Aye filed this action under 42 U.S.C. § 1983 against the members of the St. Louis Board of Police Commissioners, in their official capacities; and five police officers of the City of St. Louis (Michael Scego, Lance Wolff, Carl Dulay, Don Veile, and Mary King), in their official and individual capacities.[2] In his first amended complaint, Plaintiff claims that the officers arrested him without probable cause and used excessive force in effecting the arrest. He also alleges that the Board inadequately hired, trained, supervised, disciplined, and investigated its police officers, and that Defendants conspired to violate his constitutional rights. He seeks actual damages for his alleged injuries, as well as punitive damages. For the reasons set forth

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] Plaintiff also named the City as a Defendant. By Order dated December 30, 2004 (Doc. #10), this party was dismissed on the ground that Plaintiff failed to state a claim against it.

below, Defendants' motion for summary judgment shall be granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that on March 10, 2003, as he was exiting a car by his residence, the police officers, who were working undercover, approached him, did not identify themselves, and tackled him to the ground, scraping his face on the pavement. Plaintiff alleges that the officers reported seeing Plaintiff throw an object they believed to be crack cocaine to the ground, and that they took him into his apartment and searched it. He alleges that while in the apartment, Defendants hit him repeatedly, injuring him and causing him to scream in pain. Plaintiff alleges that a neighbor heard his screams and called 911, but that the officers met her outside his residence, took the phone away from her, and told the 911 operator that everything was okay. Plaintiff further alleges that while in the apartment, Defendants stuck a fork down his neck to force him to throw up and poured salt on his face, causing his eyes and the open wounds on his face to burn.

According to the amended complaint, the officers then arrested Plaintiff and took him to the police station. Plaintiff alleges that the neighbor who had called 911 saw that Plaintiff was covered with a white powdery substance when the police escorted him from his house. He alleges that at the police station, he was forced him to sign a refusal of medical care form. He also alleges that he was thereafter taken to a hospital where it was recommended that he be seen by an ophthalmologist as soon a possible for blurred vision in his left eye. Plaintiff alleges that after he was incarcerated for eight months on the drug charge, the prosecuting attorney entered a memorandum of nolle prosequi

immediately before a bond reduction hearing at which Plaintiff's counsel intended to play the 911 tape from the neighbor's call. Plaintiff further asserts that he reported the officers' conduct surrounding his arrest to the Police Department's Internal Affairs Division.

Plaintiff claims that the police officers' actions described in the amended complaint violated his federal and Missouri constitutional rights in that the officers arrested him without probable cause and used excessive force in effecting the arrest. He seeks an injunction against any similar actions, as well as actual and punitive damages for his injuries (Count I). Plaintiff also claims that Defendants conspired to violate his constitutional rights (Count II). He asserts that the members of the Board of Police Commissioners, sued in their official capacities, are liable for their policy and custom of deliberate indifference in the hiring, training, management, discipline, supervision, and investigation of city police officers, including the Defendant officers. Plaintiff also asserts claims against the officers under state law for false imprisonment (Count III) and assault and battery (Count IV).

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity because the arrest and amount of force used were both reasonable. In support of their motion for summary judgment, Defendants have submitted the affidavits of four of the five named police officers: Officers Scego, Wolff, Dulay, and King. Each attests that they went to Plaintiff's residence pursuant to a tip from a confidential informant, who had proven reliable in the past, that a man called "Man" was selling narcotics at that location. As they were setting up a surveillance of the house, they saw

3

Plaintiff, who fit the informant's description of "Man," exit from the passenger side of a car that also matched the description they had been given. Each attests that Officers Scego and Wolff took Plaintiff into custody, while Officers Dulay, King, and Veile took the driver, Renaldo Roberts, into custody.

Officers Scego and Wolff attest that they were wearing jackets identifying themselves as police officers, and that as they approached Plaintiff he backed away from them; threw items out of his pocket, which officer Scego retrieved; and tripped over the curb and fell down. Officer Scego attests that what he retrieved were three individually wrapped, off-white chunks which he believed to be crack cocaine. Officers Scego states that he and Officer Wolff took Plaintiff into custody "without incident"; both Officers Scego and Wolff state that they then placed Plaintiff under arrest for possession of crack cocaine, advised him of his rights, and learned that he had outstanding warrants for his arrest for street demonstration and for failing to appear. They further state that they obtained Plaintiff's written consent and also Roberts' consent to search the apartment, and that Plaintiff and Roberts were in the apartment while the search was conducted by the officers. Each of the four attesting officers state that he or she did not hit Plaintiff at any time while he was in custody and did not observe other officers mistreat Plaintiff in any manner.

Defendants have also submitted a consent to search form and a refusal of medical care form, both signed by Plaintiff on March 10, 2003; Officer Scego's incident report describing the encounter with Plaintiff in a manner consistent with Officer Scego's affidavit; and a memorandum of nolle prosequi dated November 6, 2004, with regard to

4

the possession charge against Plaintiff. In addition, Defendants have submitted a hospital outpatient report dated March 11, 2003, noting that Plaintiff had a conjunctival hemorrhage and slight blurry vision in the left eye, and reciting Plaintiff's statement, "My eye hit an officer's fist," and his complaint of pain in his hip for getting hit there. Plaintiff was discharged with a recommendation that he take Tylenol and see an ophthalmologist as soon as possible.

Defendants included in their exhibits in support of their motion for summary judgment excerpts from Plaintiff's deposition taken on October 28, 2005. These excerpts include Plaintiff's testimony that when he first saw the officers as he exited the car, he did not know who they were and ran across the street. He then thought that they might be police officers, and so he stopped and put his hands up to let them see that he had no weapons. Plaintiff testified that the officers then all trounced him, knocked him unconscious, and woke him with a slap.

The deposition excerpts also include Plaintiff's testimony that when inside his apartment, the officers placed him on a chair in the kitchen with his hands handcuffed behind him and told him he had better spit up what he had eaten. They also gave him "little knocks up-side the head and threats," at which point his neighbor, who had heard his screams in the street, interrupted them. Plaintiff testified that an officer poured salt on top of his head, and that his left eye was totally red at that point from having been hit by an officer. Plaintiff further testified that he signed two forms while in the apartment under threats by the officers.

5

Plaintiff, who is represented by counsel, has not responded to the motion for summary judgment.

## DISCUSSION

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Johnson v. Crooks, 326 F.3d 995, 1005-06 (8th Cir. 2003); Hott v. Hennepin County, Minn., 260 F.3d 901, 904-05 (8th Cir. 2001). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing the absence of a genuine issue of material fact. Id. at 256. A "material" fact is one "that might affect the outcome of the suit under the governing law." Id. at 248. When a motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'" Matsushita Elec. Indus. Co. v  Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Claims against the Police Officers**

Defendants argue that the police officers are entitled to qualified immunity on Plaintiff's federal claims against them. Qualified immunity shields public officials from suit unless their conduct violated "a clearly established constitutional or statutory right of which a reasonable person would have known." Littrell v. Franklin, 388 F.3d 578, 582 (8th Cir. 2004) (citation omitted). The qualified immunity inquiry is fact-intensive and "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id. at 583. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." Anderson v. Cass County, Mo., 367 F.3d 741, 745 (8th Cir. 2004). Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest. Id.

Excessive force claims are analyzed under the Fourth Amendment and the test is whether the amount of force used was objectively reasonable under the particular circumstances, viewed from the perspective of a reasonable officer on the scene. Graham v. Connor, 490 U.S. 386, 395-96 (1989); Henderson v. Munn, ___ F.3d ___, No. 05-1403, 2006 WL 463171, at *4 (8th Cir. Feb. 28, 2006); Brandt v. Davis, 191 F.3d 887, 892 (8th Cir. 1999). "'Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was

7

resisting arrest are all relevant to the reasonableness of the officer's conduct.'" Littrell, 388 F.3d at 583 (citation omitted). The result of the force is also a relevant factor. Id. Although Plaintiff did not submit any evidence in response to Defendants' motion for summary judgment, the Court must still determine whether they are entitled to judgment as a matter of law on Plaintiff's claims.

As the record includes Plaintiff's deposition testimony described above, the Court cannot say that "the pleadings, depositions . . . and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [the police officers] are entitled to a judgment as a matter of law" on Plaintiff's excessive force claims. Indeed, Defendants acknowledge at page 10 of their memorandum that "the circumstances surrounding the arrest of Mr. Aye and what occurred in his residence is under dispute." (Doc. #34 at 10). Viewing the evidence in the record in the light most favorable to Plaintiff, a jury question is presented on whether the amount of force used by the officers was objectively reasonable in light of the facts and circumstances confronting them.[3] Summary judgment on the basis of qualified immunity on this claim is therefore precluded. See Thompson v. Zimmerman, 350 F.3d 734, 735 (8th Cir. 2003); Mitchell v. James, No. 4:04CV1068 MLM, 2006 WL 212214, at *10 (E.D. Mo. Jan. 27, 2006).

Nothing in the record, however, contradicts Defendants' evidence establishing Officer Scego's reasonable belief that Plaintiff was in the possession of illegal drugs

---

[3] The Court notes that in their statement of uncontroverted material facts, which under Local Court Rule 7-4.01(E) are deemed admitted due to Plaintiff's failure to specifically controvert them, Defendants do not assert that none of the officers hit or mistreated Plaintiff at the time of his arrest.

when he was confronted by the police and the probable cause for Plaintiff's arrest. Plaintiff does not dispute that the officers received information from a confidential informant who had proven reliable in the past, that they thereafter partially confirmed that information through their own surveillance, that Plaintiff ran from the police, and that he discarded what appeared to be crack cocaine before his flight. These facts more than amply provided probable cause. Accordingly, Defendants are entitled to summary judgment with respect to Plaintiff's claim that he was arrested in violation of his federal constitutional rights.

Summary judgment in favor of the police officers on Plaintiff's conspiracy claim is warranted for the reason that, as Defendants argue, Plaintiff's allegations and the evidence do not show an unconstitutional meeting of the minds on the part of Defendants. See Gatlin ex rel. Estate of Gatlin v. Green, 362 F.3d 1089, 1095 (8th Cir. 2004) (affirming summary judgment in favor of police officer and city on plaintiff's conspiracy claim, as there was no evidence to support the claim); Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000) (same; conspiracy claim requires allegations of specific facts showing a meeting of minds among alleged conspirators).

Because Plaintiff's supplemental state law claims of false imprisonment and illegal arrest under the state constitution rely on the same core of facts as his claim that his arrest violated the federal constitution, judgment shall be entered against Plaintiff on these state claims as well. See Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) (affirming dismissal with prejudice of state law claims for false imprisonment and outrageous

9

conduct, upon dismissal of federal claim for conspiracy to arrest without probable cause, where state claims were based on same facts underlying federal claim) .

Defendants argue that Plaintiff's assault and battery claims against the police officers are defeated by official immunity and the public duty doctrine. As noted above, the conduct underlying these claims is in dispute. The Court cannot say at this point that the police officers are entitled to judgment as a matter of law on the assault and battery claims. See Richardson v. Board of Police Comm'rs of Kansas City, Mo., No. 04-0351-CV-W-RED, 2006 WL 51187, at *7 (W.D. Mo. Jan. 10, 2006) (under Missouri law, police officer's official immunity can be defeated if officer acted in bad faith or was conscious of wrongdoing); Mitchell, 2006 WL 212214, at *10 (denying Missouri police officers summary judgment as to battery claim, based on official immunity and the public duty doctrine, where genuine issues of material facts precluded summary judgment on plaintiff's Fourth Amendment excessive force claim against the officers).[4]

**Claims against the Board Members**

Defendants assert that the Board members are entitled to summary judgment because Plaintiff has failed to demonstrate that any excessive use of force was a result of improper supervision or training. Defendants, however, have not offered any evidence

---

[4] In the context of their argument that they are protected by official immunity and the public duty doctrines, the officers mention the outstanding warrants for Plaintiff's arrest. The officers, however, did not know about these warrants when they allegedly tackled Plaintiff to the ground, and the existence of the warrants would not justify the physical treatment Plaintiff alleges he received inside the apartment.

demonstrating that there was adequate training and supervision, and it is not Plaintiff's burden at this stage to come forward with evidence on this claim.

Defendants also argue, however, that the members of the Board of Police Commissioners, whom Plaintiff sued only in their official capacities, are entitled to Eleventh Amendment immunity. The Court concludes that this argument is well-taken with respect to Plaintiff's claim for damages under § 1983 for the Board members' alleged unconstitutional supervisory policies. Absent waiver which does not exist in this context, the Eleventh Amendment bars a claim for damages against a state official in his or her official capacity, as such a suit "is no different from a suit against the state itself." Will v. Michigan, Dep't of State Police, 491 U.S. 58, 71 (1989).

In Smith v. State, 152 S.W.3d 275, 278 (Mo. 2005) (en banc), the Missouri Supreme Court held that the Board is an agency of the state and that its members are therefore entitled to coverage from the State Legal Expense Fund for liability arising out of lawsuits based upon actions they took in their official capacities. The court noted that the members of the Board, other than the mayor of St. Louis ex officio, are appointed by the governor, who can also remove any commissioner for misconduct in office; that the general assembly imposed upon the Board numerous responsibilities with respect to the duty to establish and employ a police force; and that the Board must make its records available for inspection by the general assembly. Id. This Court concludes that Smith v. State abrogates prior Eighth Circuit and United States Supreme Court holdings[5] that the

---

[5] Auer v. Robbins, 519 U.S. 452, 456 n.1 (1997), and Gorman v. Easley, 257 F.3d 738, 744 (8th Cir. 2001) (relying on Auer and decision of the Missouri Court of

11

Board was not an agency of the state and that therefore its members, sued in their official capacities, were not entitled to Eleventh Amendment protection.

The above conclusion, however, does not apply to Plaintiff's claim against these Defendants for injunctive relief. See <u>Andrus ex rel. Andrus v. Ark.</u>, 197 F.3d 953, 955-56 (8th Cir. 1999) (Eleventh Amendment did not bar claim against state police colonel, sued in his official capacity, for injunctive relief as to the state's allegedly unconstitutional supervision of police officers).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part. The motion is granted as to Plaintiff's claims for damages against the members of the Board of Police Commissioners, and as to Plaintiff's illegal and false arrest claims and conspiracy claim against the five named police officers. The motion is denied as to (1) Plaintiff's claims for injunctive relief, (2) Plaintiff's federal and state constitutional claims against the police officers for the alleged

---

Appeals that was overruled in <u>Smith v. State</u>), rev'd on other grounds sub nom. <u>Barnes v. Gorman</u>, 122 S. Ct. 2097 (2002).

use of excessive force, and (3) Plaintiff's state law claims against the police officers for assault and battery. [Doc. #34]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2006.