UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL AYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV1243 AGF |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**
**AMENDING MEMORANDUM AND ORDER DATED MARCH 21, 2006**

In a Memorandum and Order dated March 21, 2006, the Court granted Defendants' motion for summary judgment in part and denied the motion in part. One of the claims on which the Court granted Defendants summary judgment was Plaintiff's claim for damages under 42 U.S.C. § 1983 against the members of the City of St. Louis Board of Police Commissioners ("Board"). These Defendants were sued in their official capacities for their alleged unconstitutional policies in hiring, training, and supervising its police officers, one of whom allegedly used excessive force against Plaintiff when arresting him.

The Court concluded that the Board was an agency of the state and that its members, sued in their official capacities, were therefore entitled to Eleventh Amendment protection in federal court from Plaintiff's claim for damages. The Court based this decision upon Smith v. State of Missouri, 152 S.W.3d 275, 278 (Mo. 2005) (en banc), which held that the Board was an agency of the state and thus its members were entitled to coverage from the State Legal Defense Fund in defending lawsuits arising out of

actions taken in their official capacities. The Court believed that Smith undercut the basis for an earlier United States Supreme Court case, Auer v. Robbins, 519 U.S. 452 (1997), holding that the Board was not an agency of the state. This Court noted that this conclusion did not apply to Plaintiff's claim against these Defendants for injunctive relief, and that claim, as well as other claims arising out of the alleged abuse, is now set for trial.

On May 17, 2006, the Eighth Circuit Court of Appeals issued Thomas v. St. Louis Board of Police Commisssioner's, ___ F.3d ___, No. 05-2655, 2006 WL 1348563 (8th Cir. 2006), in which it held that Smith "appears to have eroded" the Eleventh Amendment analysis in Auer, but that Auer still controlled. In light of this new decision, this Court amends its Memorandum and Order of March 21, 2006, to deny Defendants' motion for summary judgment on the basis of official immunity with respect to Plaintiff's claim for damages under § 1983 for their alleged unconstitutional supervisory policies. This claim shall proceed to trial along the other remaining claims in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Memorandum and Order of March 21, 2006, is amended to **DENY** Defendants' motion for summary judgment on the basis of official immunity with respect to Plaintiff's claim for damages under § 1983 against the members of the Board of Police Commissioners for their alleged

unconstitutional supervisory policies.

                                              /s/ Audrey G. Fleissig
                                              AUDREY G. FLEISSIG
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of May, 2006.